**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

AKZENTA PANEELE + PROFILE GmbH
and W. CLASSEN GmbH & CO. KG

      Plaintiffs,

      v.

BROWN-WEST, L.L.C. d/b/a CARPET
ONE FLOOR & HOME, SHAW
INDUSTRIES GROUP, INC., and
VÄLINGE INNOVATION AB (f/k/a
VÄLINGE ALUMINIUM AB)

      Defendants.

Civil Case No.  2:10-CV-16

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

Plaintiffs Akzenta Paneele + Profile GmbH and W. Classen GmbH & Co. KG

(collectively referred to as "Plaintiffs") file this complaint against Defendants Brown-West,

L.L.C d/b/a Carpet One Floor & Home ("Carpet One"), Shaw Industries Group, Inc. ("Shaw"),

and Välinge Innovation AB (f/k/a Välinge Aluminum AB ("Välinge")) and allege as follows:

**NATURE OF THE CLAIMS**

1.      This is an action for patent infringement of Plaintiffs' U.S. Patent No. 7,451,578

("the '578 patent").  Plaintiffs assert the '578 patent against Carpet One, Shaw, and Välinge for

making, using, offering to sell, or selling a laminate-flooring product sold under the trade name

"VersaLock®AG," or inducing others to infringe the '578 patent.

2.      Plaintiffs also seek relief under the Declaratory Judgment Act that Välinge's U.S.

Patent No. 7,634,884 ("the '884 patent") is invalid.

3.      Plaintiffs further seek relief against Välinge for false advertising under the

Lanham Act, 15 U.S.C. § 1125 et seq.

4.       Finally, Plaintiffs seek relief against Välinge under Texas state law for business disparagement, tortious interference with prospective business relations, defamation, and unfair competition.

## THE PARTIES

5.       Akzenta Paneele + Profile GmbH is a corporation organized and existing under the laws of Germany, having its principal place of business at Werner-von-Siemens-Strasse 18-20, 56759 Kaisersesch, Federal Republic of Germany.

6.        W. Classen GmbH & Co. KG is a corporation organized and existing under the laws of Germany, having its principal place of business at Werner-von-Siemens-Strasse 18-20, 56759 Kaisersesch, Federal Republic of Germany.

7.       Upon information and belief, Carpet One is a corporation organized and existing under the laws of the State of Arkansas, having its principal place of business at 802 Sanders Avenue, Springdale, Arkansas 72764.  Carpet One is authorized to do business in Texas and conducts business, among other places, at its Carpet One Floor & Home store located at 1206 East End Boulevard South, Marshall, Texas 75670.

8.       Upon information and belief, Carpet One may be served through its registered agent, Rodney Phillips at 1800 N. Eastman Road, Longview, Texas 75601.

9.       Upon information and belief, Shaw is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 616 E. Walnut Ave., P.O. Drawer 2128, Dalton, Georgia 30722.

10.      Upon information and belief, Shaw may be served through its registered agent, Frederick L. Hooper, III at 616 Walnut Ave, P.O. Drawer 2128, Dalton, Georgia 30722.

11.      Upon information and belief, Välinge is a corporation organized and existing under the laws of Sweden, having its principal place of business at Prästavägen 513 S 260 40

Viken, Sweden.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.,

as well as the Lanham Act, 15 U.S.C. § 1125(a).  This Court has subject matter jurisdiction under

28 U.S.C. §§ 1331 and 1338(a), 1367, 1391(d), 2201, 2202.

13.     This action also arises under Texas state law, including Texas state law for

business disparagement, tortious interference with prospective business relations, defamation,

and unfair competition.  This Court has subject matter jurisdiction over these claims under 28

U.S.C. § 1367 because Plaintiffs' Texas state-law claims arise out of the same facts and

circumstances as their federal claims.

14.     This Court has personal jurisdiction over Carpet One because Carpet One has

established minimum contacts with the forum such that the exercise of personal jurisdiction over

Carpet One will not offend traditional notions of fair play and substantial justice.

15.     This Court has personal jurisdiction over Shaw because Shaw has established

minimum contacts with the forum such that the exercise of personal jurisdiction over Shaw will

not offend traditional notions of fair play and substantial justice.

16.     This Court has personal jurisdiction over Välinge because Välinge has knowingly

and actively engaged in acts that have and will aid and abet the direct infringement of the '578

patent by Carpet One and Shaw in the Eastern District of Texas.

17.     This Court also has personal jurisdiction over Välinge because Välinge has

disseminated false or misleading advertising into the Eastern District of Texas that has resulted

in business and economic harm to the Plaintiffs.

18.     Välinge's misconduct, that is the subject of the claims alleged in this complaint,

occurred in Texas and in this district, and has caused Plaintiffs to suffer damages and other

losses in, for example, Texas and this district.

19.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

20.     On November 18, 2008, the United States Patent and Trademark Office duly and legally issued the '578 patent, entitled "Panel and Fastening System for Such a Panel."  A copy of the '578 patent is attached as Exhibit A.  The '578 patent lists Akzenta Paneele + Profile GmbH as the assignee.

21.     Plaintiffs own all right, title, and interest in the '578 patent, including the right to use and enforce the '578 patent.

22.     Plaintiffs are one of the leading manufacturers, distributors, and sellers of laminate flooring in the world.  Plaintiffs manufacture, sell, and distribute laminate-flooring products throughout the United States, the State of Texas, and this district.

23.     Plaintiffs' products include, among others, a laminate-flooring product sold under the trade name Megaloc.  The introduction of the Megaloc product revolutionized the laminate-flooring industry because the Megaloc patented system provided end users with a glue-free and easy-to-use system for laying laminate flooring.  As a result, Megaloc has enjoyed a considerable degree of commercial success.

24.     Carpet One is in the business of selling laminate-flooring products and competes with Plaintiffs in certain markets and products.

25.     Carpet One offers to sell and/or sells a laminate-flooring product under the trade name "VersaLock®AG."  Carpet One, either directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises this product within the United States, the State of Texas, and the Eastern District of Texas.  Carpet

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

One has purposefully and voluntarily placed VersaLock®AG into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  Through Carpet One, VersaLock®AG has been and will continue to be purchased by consumers in the Eastern District of Texas.

26.     Carpet One committed acts of patent infringement within the United States, the State of Texas and, more particularly, within the Eastern District of Texas.

27.     Shaw is in the business of manufacturing and/or selling laminate-flooring products and competes with Plaintiffs in certain markets and products.

28.     Shaw makes, uses, offers to sell, and/or sells a laminate-flooring product under the trade name VersaLock®AG.  Shaw, either directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises this product within the United States, the State of Texas, and the Eastern District of Texas.  Shaw has purposefully and voluntarily placed its VersaLock®AG product into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas. Shaw's product has been and will continue to be purchased by consumers in the Eastern District of Texas.

29.     Shaw has posted on its website an installation video that teaches, among other things, end users how to install the VersaLock®AG product.  On information and belief, end users in the United States, the State of Texas, and this district can access the website.

30.     Shaw committed acts of patent infringement within the United States, State of Texas and, more particularly, within the Eastern District of Texas

31.     Välinge conducts research and development on flooring systems and methods of installing flooring.

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

32.     On December, 22 2009, the United States Patent and Trademark Office issued the '884 patent, entitled "Mechanical Locking System for Panels and Method of Installing Same."  A copy of the '884 patent is attached as Exhibit B.

33.     The '884 patent lists Välinge as the assignee of record.

34.     On December 29, 2009, Välinge posted a news article ("the Välinge news article") on its website entitled "Information regarding Classen patents related to fold down locking systems."

35.     The Välinge news article states, among other things, that: (1) "Välinge has a patent that specifically protect[s] a Megaloc version"; (2) "Välinge has however recently obtained a patent in US (US 7,634,88[4]) that specifically protects a locking system with a snap tab on the fold panel similar to a Megaloc system"; (3) "None of the Välinge fold down systems infringes Classen patents"; (4) "Classen has not even been able to get a patent that protects their Megaloc"; and (5) "Välinge is determined to use its comprehensive patent portfolio against all other patent holders that use their patents against Välinge or its licensees in an unjustified way."

36.     The reference to "Classen" in the Välinge news article refers to the Plaintiffs in this complaint.

37.     Välinge induced infringement and continues to induce infringement of Plaintiffs' '578 patent.  The Välinge news article gives rise to a case or controversy concerning the validity of Välinge's '884 patent, constitutes false advertising under the Lanham Act, and violates Texas state law.

## COUNT I: INFRINGEMENT OF THE '578 PATENT

38.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

39.     Carpet One and Shaw, in violation of 35 U.S.C. § 271, have infringed and continue to infringe the '578 patent.

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

40.     Plaintiffs, under 35 U.S.C. § 284, may recover damages adequate to compensate for Carpet One's and Shaw's infringement.

41.     Plaintiffs have been, and continue to be, damaged and irreparably harmed by Carpet One's and Shaw's infringement, which will continue unless this Court enjoins Carpet One and Shaw.

42.     Carpet One's and Shaw's infringement of the '578 patent has been, and continues to be, deliberate willful, and knowing.

43.     The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to recover treble damages and attorney's fees.

## COUNT II: INDUCED INFRINGEMENT OF THE '578 PATENT

44.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

45.      Shaw and Välinge, in violation of 35 U.S.C. § 271, induce others to infringe the '578 patent.

46.      Plaintiffs, under 35 U.S.C. § 284, may recover damages adequate to compensate for Shaw's and Välinge's infringement.

47.     Plaintiffs have been, and continue to be, damaged and irreparably harmed by Shaw's and Välinge's infringement, which will continue unless this Court enjoins Shaw and Välinge.

48.     Shaw's and Välinge's infringement of the '578 patent has been, and continues to be, deliberate willful, and knowing.

49.     The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to recover treble damages and attorney's fees.

## COUNT III: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '884 PATENT

50.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

51.     The '884 patent has one independent claim and eleven dependent claims.

52.     The Välinge news article states, among other things, that: "Välinge has a patent that specifically protect[s] a Megaloc version"; "Välinge has however recently obtained a patent in US (US 7,634,88[4]) that specifically protects a locking system with a snap tab on the fold panel similar to a Megaloc system"; and "Välinge is determined to use its comprehensive patent portfolio against all other patent holders that use their patents against Välinge or its licensees in an unjustified way."

53.     An actual case or controversy has arisen between Plaintiffs and Välinge regarding the validity of the '884 patent.

54.     A declaration of rights is both necessary and appropriate to establish that the '884 patent is invalid under 35 U.S.C. §§ 101 et seq. including §§ 101, 102, 103, 112, and/or 116.

## COUNT IV: FALSE ADVERTISING UNDER THE LANHAM ACT

55.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

56.     Välinge has published false or misleading representations regarding its product in a commercial advertisement.

57.     Specifically, Välinge published a news article stating, among other things, that: "Välinge has a patent that specifically protect[s] a Megaloc version"; "Välinge has however recently obtained a patent in US (US 7,634,88[4]) that specifically protects a locking system with a snap tab on the fold panel similar to a Megaloc system"; "None of the Välinge fold down systems infringes Classen patents"; and "Classen has not even been able to get a patent that protects their Megaloc."

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

58.     Välinge derives an unfair competitive advantage by giving its laminate-flooring locking system a degree of success, prominence, and credibility that it does not have.  The statements in the Välinge news article deceive a substantial segment of customers of laminate-flooring products.

59.     Välinge's material deception has influenced and will continue to influence purchasing decisions of the laminate-flooring industry as well as consumers of laminate-flooring products.

60.     Välinge has caused its false or misleading representations to enter interstate commerce, including the State of Texas and this district.

61.     Välinge's false or misleading representations violate the Lanham Act, 15 U.S.C. § 1125(a).

62.     Välinge intentionally and willfully made these false or misleading representations.

63.     As a direct result of Välinge's actions, Plaintiffs have suffered and will continue to suffer great damage to their business, goodwill, and profits.

64.     Plaintiffs have no adequate remedy at law.  Unless the Court permanently enjoins Välinge from making its false or misleading representations, Plaintiffs will continue to suffer irreparable harm.

## COUNT V: BUSINESS DISPARAGEMENT

65.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

66.     Välinge published a news article that stated, among other things, that "None of the Välinge fold down systems infringes Classen patents", and "Classen has not even been able to get a patent that protects their Megaloc."

67.     Välinge's news article constitutes a false and defamatory statement of fact about Plaintiffs.

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

68.     Välinge published its news article with malice and without privilege.

69.     Välinge's news article has resulted in special damages to Plaintiffs, including but not limited to, inducing third parties not to deal with Plaintiffs resulting in direct pecuniary losses to Plaintiffs.

## COUNT VI: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

70.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

71.     Välinge has committed tortious acts that have prevented business relationships between Plaintiffs and third parties.

72.     Välinge committed these acts with a conscious desire to prevent the relationships from occurring or knew that the interference was certain or substantially certain to occur as a result of its conduct.

73.     Plaintiffs have incurred actual harm or damages as a direct result of Välinge's tortious interference.

## COUNT VII: DEFAMATION

74.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

75.     Välinge published a news article stating, among other things, that "None of the Välinge fold down systems infringes Classen patents", and "Classen has not even been able to get a patent that protects their Megaloc."

76.     Välinge has published defamatory statements about Plaintiffs.

77.     Välinge acted with negligence regarding the truth of the statements about Plaintiffs.

78.     Välinge's statements have damaged Plaintiffs in an amount to be proven at trial.

## COUNT VIII: UNFAIR COMPETITION

79.     Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

80.     Unfair competition under Texas state law encompasses all statutory and nonstatutory causes of action arising out of business conduct that is contrary to honest practice in industrial or commercial matters.

81.     Välinge has conducted illegal acts that interfered with Plaintiffs' ability to conduct its business in the United States, the State of Texas, and the Eastern District of Texas.

82.     Välinge's acts have damaged Plaintiffs in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

83.     Plaintiffs demand a trial by jury under Federal Rule of Civil Procedure 39.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment in its favor and against Defendants as follows:

(a)     That Defendants have infringed and/or induced infringement of one or more claims of the '578 patent;

(b)     That Defendants infringement be found willful, that this case be deemed exceptional under 35 U.S.C. § 285, that Plaintiffs' damages be trebled, and that Plaintiffs be awarded their attorney's fees and costs;

(c)     That Plaintiffs be awarded damages adequate to compensate Plaintiffs for the Defendants infringement of the '578 patent, including lost profits, but in no event less than a reasonable royalty;

(d)     That this court enjoin the Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with them, or any of them, from further infringement of the '578 patent;

(e)     That the claims of the '884 patent be declared invalid;

(f)     That Välinge be found to have violated the Lanham Act by making false and/or

11     DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

misleading representations concerning: (1) Plaintiffs' laminate-flooring products and their respective intellectual property rights in at attempt to illegally promote its business; and (2) Välinge's (or its licensees') laminate-flooring products and their respective intellectual property rights in at attempt to illegally promote its business;

(g)     That this Court enjoin Välinge, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with it from making further false or misleading representations in any advertising or promotional materials, including any website or press/news release concerning: (1) Plaintiffs laminate-flooring products and their corresponding intellectual property rights; and (2) Välinge's (or its licensees') laminate-flooring products and their respective intellectual property rights;

(h)     That Välinge be ordered to compensate Plaintiffs for the damages caused by its false and/or misleading representations;

(i)     That as a result of Välinge's willful and deliberate false and/or misleading statements, that Välinge be ordered to pay any damages permitted under 15 U.S.C. § 1117, including but not limited to, Välinge's profits, litigation costs, and treble damages;

(j)     That Välinge be ordered to pay damages for business disparagement, tortious interference with prospective business relations, defamation, and unfair competition in an amount to be proven at trial;

(k)     That Plaintiffs be granted pre- and post-judgment interest on its damages;

(l)     That costs and expenses in this action be awarded to Plaintiffs; and

(m)     For such further and other relief as the Court may deem appropriate.

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC

Dated:  January 14, 2010                        /s/  Richard A. Sayles
                                                   Richard A. Sayles (dsayles@swtriallaw.com)
TX SBN:  17697500
Mark D. Strachan (mstrachan@swtriallaw.com)
TX SBN:  19351500
**SAYLES WERBNER**
1201 Elm Street, 44th Floor
Dallas, Texas 75270
Telephone: (214) 939-8700
Facsimile: (214) 939-8787

Edgar H. Haug (ehaug@flhlaw.com)
David A. Zwally (dzwally@flhlaw.com)
Sam V. Desai (sdesai@flhlaw.com)
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

*Attorneys for Plaintiffs*
*Akzenta Paneele + Profile GmbH*
*and W. CLASSEN GmbH & CO. KG*

DOCS-#140139-v1-Complaint_for_Patent_Infringement.DOC